UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANNY NELSON DEVELOPMENT CO., | ) |
| Plaintiff, | ) |
| v. | ) No. 4:05-CV-1105 CAS |
| ROUND TABLE DESIGN, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on a motion for summary judgment filed by defendant John L. Miller. No opposition has been filed to the motion, and the time to do so has passed. For the following reasons, the Court will grant defendant Miller's motion for summary judgment.

**Background**.

This action arises out of the collapse of the floor of the High Ridge Church of Christ in Byrnes Mill, Missouri (the "Church") on December 16, 2004. Plaintiff Danny Nelson Development Company is a construction firm which contracted with the Church in August 2004 to build a new Church building. Plaintiff contracted with defendant Round Table Design, Inc. to furnish design services for the new Church building, including drawing architectural drawings and blueprints for the building (the "Plans"). The new Church structure collapsed shortly after plaintiff's employees poured concrete on the single story floor above the basement. After the collapse, the structure had to be demolished and then rebuilt. Plaintiff asserts claims against the defendants for engineering malpractice (Count I), architectural malpractice (Count II), and common law negligence (Count III). Only Count III is at issue on the instant motion.

**Legal Standard**.

This Court must grant summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Board of Educ., Island Trees Union Free Sch. Dist. No. 26 v. Pico, 457 U.S. 853, 863 (1982). The moving party must initially demonstrate the absence of an issue for trial. Celotex Corp., 477 U.S. at 323. Any doubt as to the existence of a material fact must be resolved in favor of the party opposing the motion. Board of Educ. v. Pico, 457 U.S. at 863. Nevertheless, once a motion is properly made and supported, the non-moving party may not rest upon the allegations in its pleadings but must instead set forth specific facts showing that there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 257 (1986) (citing Fed. R. Civ. P. 56(e)). Summary judgment must be granted to the movant if, after adequate time for discovery, the non-moving party fails to produce any proof to establish an element essential to the party's case and upon which the party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322-24.

**Facts**.

Plaintiff failed to submit a responsive statement of material facts as to which it contends a genuine issue exists, as required by Local Rule 4.01(E). As a result, for purposes of this motion, plaintiff is deemed to have admitted all facts which were not specifically controverted. See Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)). The Court

therefore adopts the statement of uncontroverted material facts submitted by defendant Miller and finds the following facts:

Defendant Round Table is an architectural and engineering firm in the business of providing design services. Defendant Kevin Phillips is the President of Round Table and is a Registered Professional Engineer. Defendant Richard Peacock is employed by Round Table and is a Registered Professional Architect.

Defendant John Miller is employed by Round Table as a draftsman. Defendant Miller drafted the Plans for the Church. Defendant Phillips made all professional engineering decisions regarding and designed the structural components of the Church. Specifically, defendant Phillips designed the steel stud support wall. Defendant Miller's role as to the steel stud support wall was merely to draw defendant Phillips' design using computer-aided design software.

Whether mechanical wall bridging needs to be included in floor plans is a question that only an engineer, based on his professional judgment, can decide. Whether mechanical wall bridging needs to be shown on construction plans is not a determination that someone without engineering experience can make.

Defendant Miller does not have education or expertise in the field of engineering and did not exercise any professional judgment when he included defendant Phillips' calculations and instructions regarding the steel stud support wall within the Church Plans. Defendant Phillips often reviewed the Plans that defendant Miller prepared and Phillips ultimately approved the final Plans and sealed and stamped them.

**Discussion**.

Defendant Miller moves for summary judgment on all liability issues in Count III of plaintiff's complaint, the only count asserted against Miller. Miller asserts that he is entitled to judgment as a matter of law because Count III asserts claims for professional negligence, but he did not provide any professional services and therefore cannot be held liable for professional negligence.

Although Count III of the complaint is titled "Common Law Negligence," Count III alleges that the defendants are liable for professional negligence. Plaintiff alleges that all of the defendants: (1) failed to design a safe structure; (2) failed to design a structure that would withstand the weight of the single-story concrete floor; and (3) failed to design and test adequate structural supports. Plaintiff also alleges that defendant Peacock and Phillips "failed to fully, completely and closely review the Plans before affixing their signatures and seals." Complaint, ¶ 42. These allegations are very similar to the allegations in Counts I and II of the complaint, which assert professional negligence claims against Round Table and defendants Phillips and Peacock, which lends support to the conclusion that Count III asserts a claim for professional negligence. See Complaint, ¶¶ 30, 36. Plaintiff does not allege that defendant Miller performed professional services in his capacity as an employee of Round Table.

An engineer's professional judgment is required to properly design a building's structure and structural supports. A cause of action alleging the negligent conduct of engineers is an action for professional rather than ordinary negligence. See Aetna Ins. Co. v. Hellmuth, Obata & Kassabaum, Inc., 392 F.2d 472, 477 (8th Cir. 1968). The fact that non-professional employees such as defendant Miller also provided services on the High Ridge Church project does not change the cause of action into one for ordinary negligence. See Krein v. DBA Corp., 327 F.3d 723, 727 (8th Cir. 2003)

4

(applying North Dakota law). Moreover, the design of the Church involved the exercise of professional skill and judgment; whether the design was negligent depends on whether the professional defendants exercised "the ordinary and reasonable technical skill that is usually exercised by one in [their] profession[s]." Business Men's Assur. Co. of Am. v. Graham, 891 S.W.2d 438, 453 (Mo. Ct. App. 1994).

Count III of the complaint alleges professional negligence against defendant Miller on the basis that he actually drew the Plans for the Church. To determine whether a particular act is a professional service, the Court must examine the nature of the act itself. See Jerome Group, Inc. v. Cincinnati Ins. Co., 257 F.Supp.2d 1217, 1224 (E.D. Mo. 2003). A professional act or service means "something more than mere proficiency in the performance of a task," and arises out of a "vocation, calling, occupation or employment involving specialized knowledge, labor, or skill, and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual." Id. (quoting Medical Records Assocs., Inc. v. American Empire Surplus Lines Ins. Co., 142 F.3d 512, 513 (1st Cir. 1998)) (internal punctuation omitted).

The uncontroverted facts of this case are that defendant Miller is a skilled draftsman whose task is to draft preliminary construction plans using computer-aided design software. Miller's role regarding the steel stud support wall of the Church was manual -- he merely depicted defendant Phillips' design of the steel stud support wall in the Plans, at defendant Phillips' instruction. Whether to include mechanical wall bridging is a decision that can only be made by a professional engineer with training and expertise. Defendant Miller lacks the requisite expertise to make this decision, and he did not rely on his own judgment in depicting defendant Phillips' design and incorporating defendant Phillips' instructions in the Plans.

Under these facts, defendant Miller cannot be held liable for professional negligence because he did not provide any professional services, and was merely carrying out his employer's instructions. See Austin v. Trotters Corp., 815 S.W.2d 951, 958 (Mo. Ct. App. 1991) (the principal, and not the agent, is liable for the agent's actions taken within the scope and course of his employment on behalf of a disclosed principal).

**Conclusion**.

For the foregoing reasons, defendant Miller's unopposed motion for summary judgment as to Count III of plaintiff's complaint should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant John L. Miller's motion for summary judgment is **GRANTED**. [Doc. 25]

An appropriate partial judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of November, 2006.